UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZANNE KINNER,

    Plaintiff,

v.                                              CASE NO. 8:22-cv-1724-SDM-TGW

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

    In this coverage dispute, Suzanne Kinner sues (Doc. 1-1) her automobile insurer, USAA. In 2019, Kinner was injured in a car accident allegedly caused by another driver, Frank Cirelli. Because Kinner allegedly suffered damages that exceed "the total amount of any bodily injury liability insurance coverage for the vehicle owned and operated by [Cirelli]," Kinner claims an entitlement to benefits under her policy's uninsured-motorist coverage. (Doc. 1-1 at 3, 5) The complaint includes no allegation that Kinner has secured a judgment against Cirelli.

    The complaint asserts two counts against USAA. Count I asserts a breach-of-contract claim predicated on USAA's failure to tender uninsured-motorist benefits under Kinner's policy. Count II claims that USAA's failure to settle the uninsured-motorist claim in Count I constitutes bad faith.

USAA removes (Doc. 1) the action and moves (Doc. 2) to dismiss Count II. Citing *Blanchard v. State Farm Mutual Auto. Insurance Co.*, 575 So. 2d 1289, 1291 (Fla. 1991), USAA urges that a bad faith claim predicated on an insurer's failure to settle an uninsured-motorist claim "accrues" only after "a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages." *Blanchard*, 575 So. 2d at 1291. Further, USAA argues that Kinner's bad faith claim remains unripe until Count I is resolved. (Doc. 2 at 7) (citing *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1222 (Fla. 2016) ("[T]he insured's underlying action for insurance benefits . . . must first be resolved in favor of the insured before the cause of action for bad faith can accrue."). Because Kinner fails to demonstrate either Cirelli's liability to Kinner or USAA's liability to Kinner, USAA concludes that Count II remains unripe and warrants dismissal without prejudice.

Kinner offers no response. Accordingly, the motion (Doc. 2) is treated as unopposed and is **GRANTED**. The bad faith claim in Count II is **DISMISSED WITHOUT PREJUDICE**.

ORDERED in Tampa, Florida, on October 3, 2022.

*[Signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE